# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2012

No. 12-50121
Summary Calendar

Lyle W. Cayce
Clerk

EDWARD DESHAN SMITH,

Plaintiff - Appellant

v.

GIDDINGS, TEXAS; LEE COUNTY SHERIFF'S DEPARTMENT; DEREK
EASLEY, Sheriff's Deputy; SHERIFF DEPUTY CARVIN; SHERIFF
DEPUTY ROBERTSON; MARIEL DAWSON,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
U.S. Dist. Ct. No. 1:10-CV-696

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Edward DeShan Smith ("Smith") sued the "Giddings, Texas Lee County
Sheriff's Department," Sheriff Deputies Carvin, Easley and Robertson (the
"Deputies"), and Mariel Dawson ("Dawson") for alleged civil rights violations
arising out of an incident when Dawson, Smith's home healthcare provider,
summoned law enforcement (the Deputies) to Smith's home. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-50121

dismissed the "Giddings, Texas Lee County Sheriff's Department" and Dawson early in the litigation. That order is not appealed.[1]

Only Deputy Carvin appeared in the litigation. Deputies Easley and Robertson were never served. Accordingly, the latter were dismissed without prejudice for want of prosecution. Deputy Carvin filed a motion for summary judgment to which Smith failed to respond. The district court noted the lack of response but also addressed the motion on its merits and granted the motion. This timely appeal followed.

On appeal, Smith makes various conclusory and unsupported accusations of bias against the district judge. He cites no case authority and provides no analysis of any alleged deficiencies in the district court's reasoning. While pro se litigants are afforded the benefit of liberal construction, they are still required to brief arguments. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Smith wholly fails to meet even the most minimal of briefing standards; we therefore treat his arguments as abandoned. *Id.*

AFFIRMED.

---

[1] Smith's notice of appeal listed only the order "entered February 3, 2012," which we assume to be a reference to the court's dismissal order directed to the Deputies and dated February 1, 2012. The order dismissing the Lee County Sheriff's Department and Dawson was dated February 22, 2011. Even if we construed the Notice of Appeal to reach that order, Smith fails to address the district court's reasoning in entering that dismissal and, thus, his arguments about that order would fail for the same reason as his arguments about the Deputies.